1

2

3

4

5

6                            **UNITED STATES DISTRICT COURT**

7                                    **DISTRICT OF NEVADA**

8

9       GOLD LEAF OVERSEAS SA 4128, *et al.*,  )
                                               )
10                          Plaintiffs,         )        Case No.  2:13-cv-01750-RCJ-CWH
                                               )
11      vs.                                     )        **ORDER**
                                               )
12      LETICIA R. CASTRO, *et al.*,            )
                                               )
13                          Defendants.         )
        _____   )

14

15              This matter is before the Court on Plaintiffs' Ex Parte Motion to Extend Time (#10), filed

16      January 21, 2014.

17              Plaintiffs request a sixty (60) day extension of time in order to complete service.  Federal

        Rule of Civil Procedure 4(m) provides:

18
                   If a defendant is not served within 120 days after the complaint is filed, the
19                 court–on motion or on its own after notice to the plaintiff–must dismiss the
                   action without prejudice against that defendant or order that service be made
20                 within a specified time.  But if the plaintiff shows good cause for the failure,
                   the court must extend the time for service for an appropriate period.
21
        Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d
22
        1038, 1041(9th Cir. 2003).  The 120-day time period for service contained in Rule 4(m) "operates not as
23
        an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517
24
        U.S. 654, 661 (1996).  "On its face, Rule 4(m) does not tie the hands of the district court after the 120-
25
        day period has expired.  Rather, Rule 4(m) explicitly permits a district court to grant an extension of
26
        time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090
27
        (9th Cir. 2003).  Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly
28
        provides that the court shall allow additional time if there is good cause for the plaintiff's failure to

1  effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the

2  consequences of an application of [Rule 4(m)] even if there is no good cause shown."  See Fed. R. Civ.

3  P. 4(m), Advisory Committee Notes, 1993 Amendments.  Generally, "good cause" is equated with

4  diligence.  *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.

5       The complaint in this matter was filed on September 24, 2013.  (#1).  Thus, the 120-day time

6  period for service expires on January 22, 2014.  Upon review of Plaintiffs' ex parte motion, the Court

7  finds that Plaintiffs have been diligent in their ongoing efforts to serve Defendants.  Consequently, the

8  Court will grant Plaintiffs' request for a sixty (60) day extension to complete service.

9       Based on the foregoing and good cause appearing therefore,

10      **IT IS HEREBY ORDERED** that Plaintiffs' Ex Parte Motion to Extend Time (#10) is **granted**.

11      **IT IS FURTHER ORDERED** that the time period for service under Rule 4(m) is extended until

12  March 24, 2014.

13      DATED: January 22, 2014.

14

15  _____

16  **C.W. Hoffman, Jr.**
   **United States Magistrate Judge**

17

18

19

20

21

22

23

24

25

26

27

28