1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9    GOLD LEAF OVERSEAS SA 4128, *et al.*,  )
                                            )
10                    Plaintiffs,           )    Case No.  2:13-cv-01750-RCJ-CWH
                                            )
11   vs.                                    )    **ORDER**
                                            )
12   LETICIA R. CASTRO, *et al.*,           )
                                            )
13                    Defendants.           )
     _____   )

14           This matter is before the Court on Plaintiffs' Third *Ex Parte* Motion to Extend Time (#18),

15   filed June 23, 2014.  Plaintiffs request an additional ninety (90) day extension to effectuate service

16   on the following defendants: Marc A. Grossman, Julia B. Sylva, Manuel A. Hoth, Liana Pabuk,

17   Ignacio C. Fernandez, Howard Cohen, Joel Davies, and Robert Davies.  Plaintiff has requested and

18   received two prior extensions of time to effectuate discovery.  On January 22, 2014, the Court

19   entered an order extending the time to serve for sixty (60) days (or until March 24, 2014).  *See*

20   Order (#11).  On March 26, 2014, the Court entered a second order extending the time to serve for

21   an additional ninety (90) days (or until June 23, 2014).  In addition to making a third request to

22   extend the time to effectuate service, Plaintiffs request an order permitting service upon the

23   unserved defendants by publication.

24           Plaintiffs request an additional ninety (90) day extension of time in order to complete

25   service.  Federal Rule of Civil Procedure 4(m) provides:

26           If a defendant is not served within 120 days after the complaint is filed, the
             court–on motion or on its own after notice to the plaintiff–must dismiss the
27           action without prejudice against that defendant or order that service be made
             within a specified time.  But if the plaintiff shows good cause for the failure,
28           the court must extend the time for service for an appropriate period.

1   Courts have broad discretion to extend time for service under Rule 4(m).  *Efaw v. Williams*, 473 F.3d

2   1038, 1041(9th Cir. 2003).  The 120-day time period for service contained in Rule 4(m) "operates not as

3   an outer limit subject to reduction, but as an irreducible allowance."  *Henderson v. United States*, 517

4   U.S. 654, 661 (1996).  "On its face, Rule 4(m) does not tie the hands of the district court after the 120-

5   day period has expired.  Rather, Rule 4(m) explicitly permits a district court to grant an extension of

6   time to serve the complaint *after* that 120-day period."  *Mann v. American Airlines*, 324 F.3d 1088, 1090

7   (9th Cir. 2003).  Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly

8   provides that the court shall allow additional time if there is good cause for the plaintiff's failure to

9   effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the

10  consequences of an application of [Rule 4(m)] even if there is no good cause shown."  See Fed. R. Civ.

11  P. 4(m), Advisory Committee Notes, 1993 Amendments.  Generally, "good cause" is equated with

12  diligence.  *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.

13          If granted, the time period for service will have been extended for 240 days beyond the 120-day

14  outer limit established by Rule 4(m).  The Court notes that there seems to have been little accomplished

15  in terms of service during the most recent ninety (90) day extension.  The same defendants for which

16  service had not yet been effectuated still have not been served.  The process server affidavits attached to

17  the motion predate the prior extension (entered on March 26, 2014).  The only indication of any action

18  taken during the prior extension period is the unsupported, unsworn statement in the moving brief that

19  "[t]he process servers made service attempts in consultation with all available public records."  There is,

20  however, no affidavit or declaration in support of this statement and no demonstration as to the quality

21  of the attempts.  Thus, it does not appear there is good cause for the requested extension.  Nevertheless, a

22  plaintiff may be relieved of the consequences of the application of Rule 4(m) even without good cause.

23  *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993.  The Court will, in this instance, grant a

24  sixty (60) day extension of time to effectuate service.  Plaintiffs are specifically warned that further

25  extensions will not be granted absent an express demonstration of diligence during the extension period.

26          As part of the request for an extension under Rule 4(m), Plaintiffs have also requested, for the

27  first time, an order permitting service on the unserved defendants via publication.  It appears the

28  remaining defendants that must be served are individuals.  Federal Rule of Civil Procedure 4(e)(1)

provides that individuals may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law.  Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating due diligence in attempting to personally serve the defendant.  In evaluating due diligence, courts look to several factors.  *See Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).  There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts.  *Abreu*, 985 P.2d at 749 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence.  The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records.  Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

The Court finds, at this time, that Plaintiffs have not met their burden to demonstrate due diligence in attempting to personally serve the remaining defendants.  The only defendants referenced in the affidavits attached to the motion are those who were eventually served.  There is no reference to any service attempts made on the defendants yet to be served.  Nor is there indication of what efforts, if any, were made to ascertain the whereabouts of the unserved defendants.  The Court cannot determine whether to permit service by publication without the appropriate affidavit or declaration setting forth the diligent efforts previously made to serve or locate the unserved defendants.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiffs' Third *Ex Parte* Motion to Extend Time (#18) is

3

**granted in part and denied in part**.  The time period for service under Rule 4(m) is extended an additional sixty (60) days, or until August 22, 2014.

    **IT IS FURTHER ORDERED** that Plaintiffs' request to serve the unserved defendants via publication is **denied without prejudice**.

    DATED: June 14, 2014.


**C.W. Hoffman, Jr.**
**United States Magistrate Judge**