# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| GOLD LEAF OVERSEAS SA 4128 et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 2:13-cv-01750-RCJ-CWH |
| LETCIA R. CASTRO et al., | ) | **ORDER** |
| Defendants. | ) | |

This civil action arises out of an alleged fraudulent investment scheme. Pending before the Court is a Motion for Default Judgment (ECF No. 23). For the reasons given herein, the Court denies the motion.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs sued seventeen Defendants for violations of the Racketeer Influenced Corrupt Organizations ("RICO") Act based on an alleged fraudulent investment scheme in which Plaintiffs lost money. The Complaint seeks damages of "no less than $2,300,000 Million Dollars in actual losses and in an amount to be determined at trial with [triple] damages under [RICO]." (Compl. 77, ECF No. 1-1). The Complaint also seeks 300% pre- and post-judgment interest (according to the investment contract at issue), fees, and costs. (*See id.*). The Clerk entered default against eight Defendants upon Plaintiffs' request: Leticia R. Castro, Martha B. Castro, James Matute, GrupoMex Holding, LLC, GrupoMex Enterprises, LLC, GrupoMex International,

LLC, GrupoMex Latin America, and GrupoMex, LLC. (*See* Default, ECF No. 22). Plaintiff has asked the Court to enter a default judgment against these Defendants.

## II.   LEGAL STANDARDS

Obtaining default judgment is a two-step process under Rule 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). The party seeking default judgment must then petition the court for a default judgment. *Id.* at 55(b)(2). "A grant or denial of a motion for the entry of default judgment is within the discretion of the court." *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). A court may, "for good cause shown," set aside an entry of default. *See McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002). Default judgments are generally disfavored, so courts should attempt to resolve motions for default judgment to encourage a decision on the merits. *See id.* (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)). In order for a court to determine whether to "exercise its discretion to enter a default [judgment]," the court should consider seven factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* (citing *Eitel*, 782 F.2d at 1471–72).

## III.   ANALYSIS

The Complaint seeks $2,300,000 in actual damages, representing amounts invested by Plaintiffs, and RICO mandates the recovery of "threefold" damages. *See* 18 U.S.C. § 1964(c). However, under a 1995 amendment to the RICO statute, "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962" unless the defendant has been criminally convicted of the relevant fraud, which Plaintiffs do not appear to allege. *Id.*; *see Bald Eagle Area Sch. Dist. v. Keystone*

1 *Fin., Inc.*, 189 F.3d 321, 329–30 (3rd Cir. 1999).  The allegedly fraudulent investments here

2 almost certainly constitute securities under federal law, and as the Third Circuit noted in *Bald*

3 *Eagle Area School District*, "a plaintiff cannot avoid the RICO Amendment's bar by pleading

4 mail fraud, wire fraud and bank fraud as predicate offenses in a civil RICO action if the conduct

5 giving rise to those predicate offenses amounts to securities fraud."  Plaintiffs refer to the lost

6 moneys as their "capital investment" and refer to Defendants' "sham investments."  Because the

7 claims are cognizable as securities fraud, the RICO Amendment bar applies, the Complaint states

8 no claims under § 1962, and the Court denies the motion for default judgment for insufficiency

9 of the Complaint.[1]

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Default Judgment (ECF No. 23) is DENIED.

IT IS SO ORDERED.

Dated this 15th day of October, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[1] There is an additional problem with the current motion, though the issue is moot. Plaintiffs are presumably entitled to pre-and post-judgment interest at the legal rates, but those rates are not 300% based on the alleged promised return on investment.  Prejudgment interest is awarded according to federal law in federal-question cases.  The federal rate is "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment . . . ." 28 U.S.C. § 1961(a).  That rate as of the date of this Order is currently 0.12% per annum.